UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| YOLANDA MUNOZ,<br><br>     Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br><br>     Defendant. | Case No. 3:20-cv-04954-LB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 28 |

### INTRODUCTION

In this Social Security appeal, the parties stipulated to, and the court approved, voluntary remand for further agency proceedings.[1] On remand, the plaintiff received past-due disability benefits.[2] The parties previously stipulated that the plaintiff be awarded attorney fees in the amount of $4,000.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[3] The plaintiff's counsel now seeks fees of $36,000.00, which is within the 25-percent limit allowed

---

[1] Order – ECF No. 23. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Benefits – ECF No. 28-3 at 3.

[3] Order – ECF No. 27.

ORDER – No. 20-cv-04954-LB

1   under 42 U.S.C. § 406(b) and the representation agreement with his client.[4] The court can decide
2   this matter without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion.[5]

## STATEMENT

The Commissioner withheld 25-percent of the retroactive benefits, or $38,644.75.[6] The plaintiff has a fee agreement with her lawyer that provides for a 25-percent contingency fee of the past-due benefits owed "at any time following an unfavorable or partially favorable administrative law judge decision."[7] The plaintiff's attorney has already received $4,000.00 in attorneys' fees under the EAJA.[8] He agreed to refund the EAJA fees.[9]

The Commissioner filed a response to the plaintiff's motion stating that he "neither supports nor opposes Counsel's request for attorneys' fees."[10]

## ANALYSIS

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant …, the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25 percent of the total of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). a court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25-percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc).

---

[4] Mot. – ECF No. 28.

[5] The court declines the plaintiff's counsel's request to apply a 3.27 multiplier. *See id.* at 4–5.

[6] Notice of Benefits – ECF No. 28-3 at 3.

[7] Free Agreement – ECF No. 28-4 at 1.

[8] Order – ECF No. 27 at 2.

[9] Mot. – ECF No. 28-1 at 12.

[10] Resp. – ECF No. 30 at 2.

In considering a motion for attorney's fees under § 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under § 406(b), the court considers the character of the representation and the results achieved. *Id.* at 808; *see Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25 percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808). If an attorney "is responsible for delay … a reduction [of fees] is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

The court must offset an award of § 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The 25-percent contingency fee agreement is within § 406(b)(1)(A)'s ceiling, and the amount is reasonable.

## CONCLUSION

The court finds that a fee award of $36,000.00 is reasonable under § 406(b). The plaintiff's counsel must refund the plaintiff the EAJA fees, which results in a net (remaining) fee award of $32,000.00. The net fee award is to be paid by the plaintiff's past-due benefits in accordance with agency policy.

**IT IS SO ORDERED.**

Dated: March 1, 2024

LAUREL BEELER
United States Magistrate Judge